1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   LYNNE CONTE,                              No.  2:12-cv-02811-MCE-DAD

12                   Plaintiff,

13        v.                                   **MEMORANDUM AND ORDER**

14   AARGON AGENCY, INC. dba
     AARGON COLLECTION AGENCY,
15
                     Defendant.
16

17        Plaintiff Lynne Conte ("Plaintiff") brings this action seeking to recover monetary

18   damages for herself and all others similarly situated for the alleged violations of

19   California Penal Code § 632 by Defendant Aargon Agency, Inc. ("Defendant").  Presently

20   before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to

21   Federal Rule of Civil Procedure[1] 12(b)(1), (3) and (6). (ECF No. 7 at 5.)  In its Motion to

22   Dismiss, Defendant argues, inter alia, that the instant action is barred by the doctrines of

23   res judicata and collateral estoppel because Plaintiff is attempting to litigate the same

24   claim that was previously denied on the merits by the state court in a pending state

25   action entitled Conte v. Aargon Agency, Inc., Case No.  FCM127976 ("State Action").

26   (ECF No. 7 at 3, 6-8.)  Plaintiff timely opposed Defendant's motion.  (ECF No. 9.)

27   _____

28        [1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure, unless otherwise noted.

                                        1

1   On April 10, 2013, the Court issued a minute order directing the parties to file

2   supplemental memoranda addressing whether, in light of the pending State Action, this

3   federal proceeding should be dismissed or stayed pursuant to the Colorado River

4   doctrine, articulated by the U.S. Supreme Court in Colorado River Water Conservation

5   Dist. v. United States ("Colorado River"), 424 U.S. 800 (1976).  (ECF No. 16.)  Both

6   parties have filed supplemental memoranda.  (ECF No. 17, 19.)  After careful

7   consideration of the arguments presented by the parties and the relevant legal authority,

8   the Court concludes that interests of wise judicial administration and conservation of

9   judicial resources warrant dismissal of this federal action.  See Colorado River, 424 U.S.

10  at 817-20.  In light of this ruling, the Court need not reach the merits of Defendants'

11  remaining arguments for dismissal.[2]

12

13                                    **BACKGROUND**

14

15        On November 15, 2012, Plaintiff filed a class action complaint in this Court

16  asserting a single cause of action for violation of California Penal Code § 632, which

17  prohibits the intentional recording of confidential conversations without the consent of all

18  parties.  (ECF No. 1.)  Specifically, Plaintiff alleges that, on or about December 20,

19  2011,[3] Defendant contacted Plaintiff by telephone to collect a debt owed by Plaintiff, had

20  a conversation with Plaintiff, and recorded the conversation without notifying Plaintiff or

21  obtaining her consent.  (Id. ¶ 10.)  Plaintiff further contends that Defendant "had a policy

22  and a practice" of recording conversations with consumers without obtaining their

23  consent.  (Id. ¶ 14.)

24  ///

25  _____

      [2] The Court ordered this matter submitted on the briefs because oral argument would not have

26  been of material assistance.  E.D. Cal. Local Rule 230(g).

27      [3] Plaintiff's Complaint uses the date "December 20, 2012."  (ECF No. 1 at 4.)  However, Plaintiff's
    Opposition to Defendant's Motion uses the date "December 20, 2011."  (ECF No. 9 at 12.)  Given that the
    Complaint was filed on November 15, 2012 – more than a month before the alleged phone conversation

28  on December 20, 2012 – the Court presumes that the correct date is December 20, 2011.

1    Approximately eight months before filing the instant action, on March 20, 2012,

2   Plaintiff filed her State Action against Defendant in the Superior Court of California,

3   County of Solano.  (ECF No. 7 at 3; ECF No. 9 at 12.)  In the State Action, Plaintiff

4   initially alleged causes of action for violations of the Fair Debt Collection Practices Act

5   ("FDCPA"), 15 U.S.C. §§ 1692-1692p, and the Rosenthal Fair Debt Collection Practices

6   Act ("RFDCPA"), Cal. Civ. Code §§ 1788-1788.33.  (ECF No. 7 at 3; ECF No. 9 at 12.)

7   However, after becoming aware of the December 20, 2011 recorded conversation with

8   Defendant, she sought leave from the state court to amend her pleading to include a

9   class action claim under Penal Code § 632.  (ECF No. 7 at 3-4; ECF No. 9 at 12.)  On

10  October 23, 2012, the state court denied Plaintiff's motion for leave to amend after

11  concluding that "Plaintiff ha[d] not alleged facts demonstrating claims for violation of

12  Penal Code [§] 632."  (ECF No. 7-3.)  The state court explained the reasons for its ruling

13  as follows:

14          The original Complaint alleged that there is one phone call
           that is the subject matter of Plaintiff's lawsuit, and it occurred
15          on December 20, 2011.  The proposed [amended complaint]
           also makes reference to that one phone call.  The transcript
16          of the phone call is attached to Defendant's Opposition.  It
           does not show that Defendant's representative was talking to
17          Plaintiff, but instead shows the phone call was with a third
           party.   It does not show that Defendant's representative
18          disclosed confidential information to the person on the phone,
           and does not show a confidential communication between
19          Defendant and the third party. . . .  Where the facts are not in
           dispute, and the nature of the plaintiff's claim is clear, but
20          under substantive law, no liability exists and no amendment
           would change the result, motion for leave to amend is
21          properly denied.

22  (Id.)  Approximately three weeks after the denial of Plaintiff's motion for leave to amend

23  by the state court, Plaintiff filed the instant diversity action in this Court.

24  ///

25  ///

26  ///

27  ///

28  ///

3

1

**ANALYSIS**

2

3        A.      **Defendant's Motion to Dismiss**

4

5        Defendant argues that Plaintiff's Section 632 claim is barred by the doctrines of

6   res judicata and collateral estoppel because Plaintiff is attempting to litigate the same

7   claim between the same parties, which was previously denied on the merits in the State

8   Action.  (ECF No. 7 at 6-8.)

9        A federal court sitting in diversity must apply the res judicata law of the state in

10  which it sits.  <u>Costantini v. Trans World Airlines</u>, 681 F.2d 1199, 1201 (9th Cir.1982).

11  Under California law, in order for res judicata or collateral estoppel to apply, "there must

12  be a final judgment or determination of an issue; that is, a judgment or determination that

13  is final in the sense that no further judicial act remains to be done to end the litigation."

14  <u>People v. Scott</u>, 85 Cal. App. 4th 905, 919 (2000).  "A prior adjudication of an issue in

15  another action may be deemed 'sufficiently firm' to be accorded preclusive effect based

16  on the following factors: (1) whether the decision was not avowedly tentative; (2) whether

17  the parties were fully heard; (3) whether the court supported its decision with a reasoned

18  opinion; and (4) whether the decision was subject to an appeal."  <u>Border Bus. Park,</u>

19  <u>Inc. v. City of San Diego</u>, 142 Cal. App. 4th 1538, 1565 (2006).

20        California law does not generally afford res judicata effect to a trial court's

21  interlocutory ruling denying a party's motion to amend.  <u>See Cent. Bank v. Transamerica</u>

22  <u>Title Ins. Co.</u>, 85 Cal. App. 3d 859, 870 (1978), disapproved on other grounds by

23  <u>Lambert v. Commonwealth Land Title Ins. Co.</u>, 53 Cal.3d 1072 (1991) (concluding that a

24  trial court's order denying a motion for leave to amend was not "final judgment" for res

25  judicata purposes).  "[T]he court can permit renewal of a motion even though it has been

26  previously denied on its merits; and, unlike the final determination of an action or

27  proceedings by judgment, the decision on an ordinary motion is not res judicata and the

28  court has jurisdiction to reconsider it."

4

1    Phillips v. Sprint PCS, 209 Cal. App. 4th 758, 770 (2012).  Under California law, a "final

2    judgment" for res judicata or collateral estoppel purposes is a decision immune from

3    reversal or amendment.  People v. Cooper, 149 Cal. App. 4th 500, 521 (2007).  Thus,

4    "the finality required to invoke the preclusive bar of res judicata is not achieved until an

5    appeal from the trial court judgment has been exhausted or the time to appeal has

6    expired."  Franklin & Franklin v. 7–Eleven Owners for Fair Franchising, 85 Cal. App. 4th

7    1168, 1174 (2000).

8          Here, state court's denial of Plaintiff's motion to amend was made in an

9    interlocutory non-appealable order.  (See ECF No. 7-3.)  It appears that the state court

10   proceeding is still pending and has not resulted in any "final judgment" that would be

11   appealable under California law.[4]   Accordingly, the state court's ruling denying Plaintiff's

12   motion to amend her complaint cannot be considered a "final judgment" on Plaintiff's

13   Section 632 claim and thus does not have any preclusive effect in this federal

14   proceeding.

15         That being said, under certain circumstances, a federal court may decline to

16   exercise jurisdiction where a pending state court proceeding sufficiently parallels the

17   federal proceeding.  Colorado River, 424 U.S. at 817-820; R.R. Street & Co. Inc. v.

18   Transport Ins. Co., 656 F.3d 966, 977-83 (9th Cir. 2011).  In Colorado River, the United

19   States Supreme Court addressed the problem of "contemporaneous exercise of

20   concurrent jurisdictions, either by federal courts or by state and federal courts."  424 U.S.

21   at 817-20.  The Court recognized that "considerations of wise judicial administration,

22   giving regard to conservation of judicial resources and comprehensive disposition of

23   litigation" may justify dismissal of federal proceedings in light of concurrent state court

24   proceedings.  Id. at 817 (internal quotations and brackets omitted).

25   _____

26         [4] On March 26, 2013, Defendant filed a "Notice of Ruling in Related State Court Case."  (ECF
     No. 14.)  Attached to the Notice is a partial copy of the state court's "tentative ruling" in the pending State
27   Action granting Defendant's Motion for Summary Judgment on Plaintiff's FDCPA and RFDCPA claims.
     (ECF No. 14 Ex. A.)  However, the record is devoid of any evidence that the State Action resulted in a
     "final judgment" on the merits that would be appealable under California law.  Accordingly, the Court will
28   treat the State Action as pending for purposes of Defendant's motion to dismiss.

1   The Ninth Circuit has articulated the following factors for assessing whether a <u>Colorado</u>

2   <u>River</u> dismissal is appropriate:

3               1) which court first assumed jurisdiction over any property at
            stake; (2) the inconvenience of the federal forum; (3) the
4           desire to avoid piecemeal litigation; (4) the order in which the
            forums obtained jurisdiction; (5) whether federal law or state
5           law provides the rule of decision on the merits; (6) whether
            the state court proceedings can adequately protect the rights
6           of the federal litigants; (7) the desire to avoid forum shopping;
            and (8) whether the state court proceedings will resolve all
7           issues before the federal court.

8   <u>R.R. Street</u>, 656 F.3d at 978-79.  Courts are to apply these factors "in a pragmatic and

9   flexible way, as part of a balancing process rather than as a mechanical checklist."

10  <u>Nakash v. Marciano</u>, 882 F.2d 1411, 1415 (9th Cir. 1989) (citations and internal

11  quotation marks omitted).  "No one factor is necessarily determinative; a carefully

12  considered judgment taking into account both the obligation to exercise jurisdiction and

13  the combination of factors counselling against that exercise is required."  <u>Colorado River</u>,

14  424 U.S. at 818-19.

15      The Court need not analyze factors that are irrelevant.  <u>See</u> <u>R.R. Street</u>, 656 F.3d

16  at 979; <u>Nakash</u>, 882 F.2d at 1415 n.6.  The first two factors are irrelevant in the present

17  case as the dispute does not involve a specific piece of property, and the parties agree

18  that the federal and state forums are almost equally convenient.  Accordingly, the

19  Court's analysis will focus only on the six remaining factors.

20

21              **1.      The Desire to Avoid Piecemeal Litigation**

22

23      "Piecemeal litigation occurs when different tribunals consider the same issue,

24  thereby duplicating efforts and possibly reaching different results."  <u>Am. Int'l</u>

25  <u>Underwriters, (Philippines), Inc. v. Cont'l Ins. Co.</u>, 843 F.2d 1253, 1258 (9th Cir. 1988).

26  Here, permitting Plaintiff's federal suit to continue "would undeniably result in piecemeal

27  litigation."  <u>See</u> <u>Nakash v. Marciano</u>, 882 F.2d at 1415.

28  ///

1    The state court considered the merits of Plaintiff's Section 632 claim and denied Plaintiff

2    an opportunity to proceed with her claim after concluding that Plaintiff cannot prevail on

3    her claim as a matter of law.  (See ECF No. 7-3.)  Plaintiff's Section 632 claim asserted

4    in the instant federal proceeding is identical to the claim, which Plaintiff unsuccessfully

5    attempted to litigate in the State Action.  Thus, were this Court to agree to proceed with

6    this federal action, it would need to decide anew the matters already considered by the

7    state court,[5] thus "requiring duplicative effort and creating a strong possibility of

8    inconsistent results."  See Am. Int'l Underwriters, 843 F.2d at 1258.  Accordingly, this

9    factor favors dismissal of the federal action.

10

11              **2.      The Order in which the Forums Obtained Jurisdiction**

12

13          In analyzing the order in which the forums obtained jurisdiction, the Ninth Circuit

14   considers the filing dates and the progress of the case in both the state and federal

15   court.  R.R. Street, 656 F.3d at 980.  Here, Plaintiff initiated the State Action almost eight

16   months before filing her complaint in this Court.  Plaintiff twice sought leave to amend

17   her state-court complaint to include a Section 632 claim but was denied such leave.

18   (See ECF Nos. 7-2, 7-3.)  The state court issued its ruling denying Plaintiff's motion to

19   amend before Plaintiff even filed her complaint in this Court.  Thus, the fourth factor –

20   the order in which the forums obtained jurisdiction – also supports dismissal of this

21   federal action under the Colorado River doctrine.

22   ///

23   ///

24   _____

25          [5] In fact, in order to rule on Defendant's pending motion to dismiss Plaintiff's Section 632 claim for
     failure to state a claim under Rule 12(b)(6), the Court would have to engage in substantially the same
     analysis that the state court has already conducted in deciding whether to grant Plaintiff's motion to amend
26   her state-court complaint.  More specifically, this Court would need to decide whether Plaintiff can state a
     cognizable claim for relief under Section 632 based on the allegations in her pleading.  The parties agree
     that Plaintiff's factual and legal allegations offered in support of her Section 632 claim in the State Action
27   and in this federal action are identical.  As demonstrated by the state court's ruling denying Plaintiff leave
     to assert a Section 632 claim, the state court has already addressed the viability of Plaintiff's claim and
28   concluded that this cause of action fails as a matter of law.  (ECF No. 7-3.)

1
2

**3.     Whether Federal Law or State Law Provides the Rule of Decision on the Merits**

3

This factor becomes an issue (and weighs against dismissal) only when federal

4

law provides the rule of decision on the merits.  See Moses H. Cone Mem'l Hosp. v.

5

Mercury Const. Corp., 460 U.S. 1, 26 (1983) ("Although in some rare circumstances the

6

presence of state-law issues may weigh in favor of [surrender of jurisdiction] . . . the

7

presence of federal-law issues must always be a major consideration weighing against

8

surrender.").  Accordingly, "[i]f the state and federal courts have concurrent jurisdiction

9

over a claim, this factor becomes less significant."  Nakash, 882 F.2d at 1416 (citing

10

Moses H. Cone Mem'l Hosp., 460 U.S. at 25).

11

Here, the only cause of action alleged in Plaintiff's operative complaint is a

12

violation of California Penal Code § 632; there are no federal law issues which would

13

weigh in favor on an exercise of jurisdiction by this Court.  Accordingly, at the very least,

14

this factor is neutral and does not weigh either for or against maintaining jurisdiction.

15

See R.R. Street, 656 F.3d at 980-81 (finding this factor to be "neutral" where the matters

16

concerned "routine issues of state law, such as breach of contract, indemnification and

17

subrogation").

18
19

**4.     Whether the State Proceedings can Adequately Protect the Rights of the Federal Litigants**

20

"A district court may not stay or dismiss the federal proceeding if the state

21

proceeding cannot adequately protect the rights of the federal litigants."  R.R. Street,

22

656 F.3d at 981.  "[L]ike source of law, however, this factor is more important when it

23

weighs in favor of federal jurisdiction."  Id. (citations and internal quotation marks

24

omitted).  The crux of this factor is "the state court's adequacy to protect federal rights,

25

not the federal court's adequacy to protect state rights."  Travelers Indem. Co. v.

26

Madonna, 914 F.2d 1364, 1370 (9th Cir. 1990).

27

///

28

///

8

1    This Court has no reason to doubt the state court's ability to adequately protect

2  Plaintiff's rights, especially given that the only claim asserted by Plaintiff in this litigation

3  arises under state law.  Plaintiff's argument that the state proceeding is inadequate

4  because the state court denied Plaintiff an opportunity to proceed with her Section 632

5  claim is unconvincing.  (See ECF No. 17 at 7-8.)  As articulated above, the state court's

6  denial of leave to amend was done on the merits after concluding that Plaintiff cannot, as

7  a matter of law, state a viable claim for relief.  Although such an interlocutory order is not

8  immediately appealable, nothing prevents Plaintiff from appealing the state court's ruling

9  denying Plaintiff an opportunity to proceed with her Section 632 claim after the state

10  proceeding results in a final judgment.  See Northridge Hosp. Found. v. Pic 'N' Save

11  No. 9 Inc., 187 Cal. App. 3d 1088, 1102 n.7 (1986) ("Denial of a motion to amend a

12  pleading is reviewable on appeal from a final judgment.").  The fact that Plaintiff

13  disagrees with the state court's ruling does not mean that the state court proceedings

14  are inadequate.  Accordingly, because Plaintiff has an adequate state remedy to

15  challenge the unfavorable state court decision, this factor weighs in favor of dismissal of

16  the federal action.

17

18    **5.    The Desire to Avoid Forum Shopping**

19

20    The Court must also consider "whether the second suit . . . is an attempt to forum

21  shop or avoid adverse rulings by the state court."  Nakash, 882 F.2d at 1417.  "To avoid

22  forum shopping, courts may consider the 'vexatious or reactive nature of either the

23  federal or the state litigation.'"  R.R. Street, 656 F.3d at 981 (citing Moses H. Cone,

24  460 U.S. at 17 n.20).  The Ninth Circuit has affirmed dismissals under the Colorado

25  River doctrine "when it was readily apparent that the federal plaintiff was engaged in

26  forum shopping."  R.R. Street 656 F.3d at 981 (citing Nakash, 882 F.2d at 1417 and

27  Am. Int'l Underwriters, 843 F.3d at 1255-56).

28  ///

1   In Nakash, the Ninth Circuit succinctly observed:  "[Plaintiff] has become dissatisfied with

2   the state court and now seeks a new forum for their claims.  We have no interest in

3   encouraging this practice."  882 F.2d at 1417.

4        Plaintiff's filing of her class action complaint in this Court appears to be an attempt

5   to forum shop and avoid the state court's adverse ruling.  The "reactive nature" of the

6   federal litigation is quite clear because Plaintiff filed her federal action shortly after the

7   state court's ruling denying Plaintiff leave to amend her complaint to add a Section 632

8   claim.  Plaintiff herself concedes that the only reason she filed the instant lawsuit is the

9   state court's allegedly erroneous refusal "to provide Plaintiff with a forum" for her Section

10  632 claim.  (ECF No. 19 at 9.)  According to Plaintiff, the state court "was wrong to opine

11  that Cal. Penal Code § 632 was not content-neutral by stating that there was no

12  confidential information disclosed."  (ECF No. 19 at 6, 10.)  Thus, it is obvious to the

13  Court that Plaintiff, like a plaintiff in Nakash, has become dissatisfied with the state

14  court's decision on the merits of her claim and now seeks a new forum to litigate that

15  claim.  The Ninth Circuit and this Court alike have no interest in encouraging Plaintiff's

16  forum shopping practice.  Thus, the seventh factor – the desire to avoid forum shopping

17  – weighs strongly in favor of dismissal of the instant federal action.

18
         **6.     Whether the State Court Proceedings will Resolve all Issues
                   Before the Federal Court**
19

20       The final factor is "whether the state court proceeding sufficiently parallels the

21  federal proceeding."  R.R. Street, 656 F.3d at 982.  The two proceedings must be

22  "substantially similar," which the Ninth Circuit has emphasized is less than "exact

23  parallelism."  Id.; Nakash, 882 F.2d at 1416. Dismissal is inappropriate if there is

24  "substantial doubt as to whether the state proceedings will resolve the federal action."

25  Smith v. Cent. Ariz. Water Conservation Dist., 418 F.3d 1028, 1033 (9th Cir. 2005)

26  (citation omitted).

27       Here, the state court proceeding is substantially similar to the proceeding in this

28  Court.

1  Although Plaintiff initially sought relief only for Defendant's violations of the FDCPA and
2  RFDCPA, she later sought leave from the state court to amend her pleadings to include
3  a class action claim under California Penal Code § 632.  The complaint that Plaintiff filed
4  in this Court consists of a single cause of action for violation of Section 632, which is
5  identical to the claim rejected by the state court.  As the Ninth Circuit observed in
6  Nakash:  "We should be particularly reluctant to find that the actions are not parallel
7  when the federal action is but a 'spin-off' of more comprehensive state litigation."
8  Nakash, 882 F.2d at 1417 (citations omitted).  Because Plaintiff's federal complaint is
9  simply one of the three causes of action that Plaintiff attempted to litigate in state court,
10 this Court finds the proceedings are substantially similar.  Thus, the final factor favors
11 dismissal under the Colorado River doctrine.

12     In sum, none of the relevant factors articulated by the Ninth Circuit in R.R. Street
13 favors this Court's exercise of jurisdiction over Plaintiff's instant action.  On the other
14 hand, at least five relevant factors weigh in favor of dismissal.  Therefore, the Court finds
15 that "considerations of wise judicial administration" warrant dismissal of this federal
16 proceeding.  See Colorado River, 424 U.S. at 817-20.  Accordingly, the Court, in its
17 discretion, abstains from taking any further action in this case and dismisses this action
18 without prejudice pursuant to the Colorado River doctrine in deference to the state court
19 system.

20

21     **B.     Defendant's Request for Sanctions**

22

23     In its Motion to Dismiss, Defendant also requests that this Court impose sanctions
24 against Plaintiff pursuant to Federal Rule of Civil Procedure 11 for Plaintiff's attempt "to
25 circumvent the rulings of the state . . . court."  (ECF No. 7 at 11-12.)  The Court refuses
26 to do so for two reasons.  First, Defendant has not complied with the procedural
27 requirement of Rule 11, which requires that a motion for sanctions "must be made
28 separately from any other motion."  Fed. R. Civ. P. 11(c)(2).

1    Second, as the Ninth Circuit has noted, Rule 11 sanctions are "an extraordinary remedy"

2    that should be reserved for the "rare and exceptional case where the action is clearly

3    frivolous, legally unreasonable or without legal foundation, or brought for an improper

4    purpose."  Operating Eng'rs Pension Trust v. A–C Co., 859 F.2d 1336, 1344–45 (9th

5    Cir.1988).  While the Court does not approve of Plaintiff's forum shopping, the Court

6    does not find Rule 11 sanctions to be appropriate in this case.

7

8                                    **CONCLUSION**

9

10          For the reasons stated above, Defendant's Motion to Dismiss Plaintiff's Complaint

11   (ECF No. 7) is GRANTED.  This action is hereby DISMISSED without prejudice.

12   Defendant's request for sanctions is DENIED.

13          The Clerk of the Court is directed to close this case.

14          IT IS SO ORDERED.

15   DATE:  May 3, 2013

16

17

18                                    MORRISON C. ENGLAND, JR., CHIEF JUDGE
                                      UNITED STATES DISTRICT COURT
19

20

21

22

23

24

25

26

27

28